# *Exhibit B*

*Exhibit B*

| | |
|---|---|
| SEYFARTH SHAW LLP<br>Richard B. Lapp (SBN 271052)<br>rlapp@seyfarth.com<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105<br>Telephone:     (415) 397-2823<br>Facsimile:      (415) 397-8549 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/17/2020** at 05:51:00 PM<br>Clerk of the Superior Court<br>By Jessica Pascual, Deputy Clerk |

Attorney for Defendant
TEGNA Imc.
(incorrectly sued as "TEGNA, INC.")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| BOBBIE LEONARD,<br><br>        Plaintiff,<br><br>    v.<br><br>TEGNA, INC., a Delaware corporation; and DOES 1 through 10,<br><br>        Defendants. | Case No. 37-2020-00023789-CU-OE-CTL<br><br>**DEFENDANT TEGNA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 10, 2020<br>Complaint Served: July 20, 2020 |

Defendant, TEGNA Inc. (incorrectly sued as "TEGNA, INC.") ("Defendant") hereby answers the Complaint for Damages ("Complaint") of Plaintiff Bobbie Leonard's ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action in Plaintiff's Complaint and, without limiting the generality of the foregoing, denies generally and specifically that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. In further answer to the Complaint, Defendant alleges the following separate defenses.

**AFFIRMATIVE AND OTHER DEFENSES**

By pleading the following as Affirmative and/or other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and

Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the alleged damages. Without prejudice to its denials, Defendant alleges the following defenses:

**FIRST DEFENSE**

**(Statute of Limitations)**

1. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure section 335.1 and California Government Code §§ 12960 and 12965(b).

**SECOND DEFENSE**

**(Laches)**

2. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**THIRD DEFENSE**

**(Excuse, Waiver, and Discharge)**

3. Defendant alleges that it performed all conditions, covenants, and obligations imposed upon it as to Plaintiff, to the extent such exist, with the exception of those conditions, covenants and obligations which have been excused, waived, or discharged by Plaintiff's conduct.

**FOURTH DEFENSE**

**(Unclean Hands, Estoppel, and Waiver)**

4. Plaintiff is not entitled to any relief to the extent she forfeited her rights to relief under the doctrine of unclean hands, waived her right to relief, or is estopped from seeking the relief requested in the Complaint.

**FIFTH DEFENSE**

**(Action in Accordance with Applicable Law and Employer Policies)**

5. If Defendant engaged in the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified, and/or taken in accordance with applicable law and/or Defendant's policies and procedures.

**SIXTH DEFENSE**

**(Plaintiff's Failure to Take Advantage of Preventative or Corrective Measures)**

6.  Defendant exercised reasonable care to prevent and correct any alleged unlawful retaliation in the workplace, and Plaintiff unreasonably failed to take advantage of any preventative or corrective measures provided by Defendant or to avoid harm otherwise.

**SEVENTH DEFENSE**

**(Non-Discriminatory Business Purpose)**

7.  Plaintiff's Complaint is barred, in whole or in part, because the alleged conduct about which Plaintiff complains was not based on any protected characteristic, but was based on one or more legitimate, nondiscriminatory business reasons.

**EIGHTH DEFENSE**

**(Same Decision)**

8.  To the extent that Plaintiff demonstrates her protected status was a substantial motivating factor for any alleged employment action, Defendant would have taken the same action absent the substantial motivating factor. As a result, the court may not award Plaintiff general or special damages.

**NINTH DEFENSE**

**(Scope of Authority)**

9.  The Complaint, and each of and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

**TENTH DEFENSE**

**(Exhaustion of Administrative Remedies)**

10. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff has failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites under California Fair Employment and Housing Act, California Government Code section 12900, et seq.

**ELEVENTH DEFENSE**

**(Failure to Mitigate)**

11. Plaintiff is barred from recovery to the extent she could have mitigated the amount of damages she allegedly suffered, by exercise of reasonable efforts, but she failed or refused to exercise reasonable efforts to mitigate damages.

**TWELFTH DEFENSE**

**(No Damages, Costs, or Fees)**

12. Plaintiff has failed to state a claim for which general, special, exemplary, or punitive damages, interest, injunctive relief, attorney's fees or costs may be granted.

**THIRTEENTH DEFENSE**

**(Setoff Damages)**

13. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

**FOURTEENTH DEFENSE**

**(No Punitive Damages)**

14. Plaintiff's claim for punitive damages is barred because Defendant had a suitable anti-discrimination policy in effect at all material times and/or made a good faith attempt to comply with the law at all times. *Kolstad v. ADA*, 527 U.S. 526 (1999); *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 568 n.2 (1999).

**FIFTEENTH DEFENSE**

**(Emotional Distress Due to Other Factors)**

15. If Plaintiff suffered any emotional distress (which Defendant denies), the emotional distress was caused by factors unrelated to the conditions of her work environment.

**SIXTEENTH DEFENSE**

**(Workers' Compensation Preemption)**

16. Plaintiff's claims for purported emotional and physical injuries allegedly suffered during or as a result of her employment are barred in whole or in part because Plaintiff's sole and

exclusive remedies, if any, lie under the California Workers' Compensation Act, Labor Code sections 3601, et seq.

### SEVENTEENTH DEFENSE

**(Punitive or Exemplary Damages Unconstitutional)**

17. Any recovery of punitive damages, exemplary damages, or penalties based on the facts alleged in Plaintiff's Complaint, if any, would violate the United States and California Constitutions.

### EIGHTEENTH DEFENSE

**(After-Acquired Evidence)**

18. Plaintiff's causes of action, in whole or in part, are barred to the extent Plaintiff engaged in misconduct which would have justified any adverse action by Defendant even if Defendant were unaware of the conduct.

### RESERVATION OF RIGHT TO AMEND

19. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorneys' fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: August 17, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Richard B. Lapp*
    Richard B. Lapp
    Attorney for Defendant
    TEGNA Inc.
    (incorrectly sued as "TEGNA, INC.")

65262435v.1

1  SEYFARTH SHAW LLP
   Richard B. Lapp (SBN 271052)
2  rlapp@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:     (415) 397-2823
4  Facsimile:     (415) 397-8549

5  Attorneys for Defendant
   TEGNA Inc.
6  (incorrectly sued as TEGNA, INC.)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
08/17/2020 at 05:51:00 PM
Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| BOBBIE LEONARD,<br><br>             Plaintiff,<br><br>    v.<br><br>TEGNA, INC., a Delaware corporation; and DOES 1 through 10,<br><br>             Defendants. | Case No. 37-2020-00023789-CU-OE-CTL<br><br>**NOTICE OF APPEARANCE OF DEFENDANT'S COUNSEL**<br><br>Date Action Filed: July 10, 2020 |

NOTICE OF APPEARANCE OF COUNSEL

**TO THE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Richard B. Lapp hereby enters his appearance in the above-captioned action as counsel of record for Defendant TEGNA Inc. (incorrectly sued as "TEGNA, INC."), a Delaware corporation.  Any pleadings and papers served or filed in this action should be served upon counsel at the addresses set forth below:

Seyfarth Shaw LLP
Richard B. Lapp (SBN 271052)
rlapp@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549


DATED: August 17, 2020                              Respectfully submitted,

                                                    SEYFARTH SHAW LLP


By: */s/ Richard B. Lapp*
     Richard B. Lapp
     Attorneys for Defendant
     TEGNA Inc.
     (incorrectly sued as TEGNA, INC.)

**SEYFARTH SHAW LLP**
Richard B. Lapp (SBN 271052)
rlapp@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorney for Defendant
TEGNA Inc.
(incorrectly sued as "TEGNA, INC.")

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
08/18/2020 at 03:03:00 PM
Clerk of the Superior Court
By E- Filing, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| BOBBIE LEONARD, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TEGNA, INC., a Delaware corporation; and DOES 1 THROUGH 25,<br><br>    Defendants. | Case No. 37-2020-0023789-CU-OE-CTL<br><br>**AMENDED PROOF OF SERVICE**<br><br>Complaint Filed: July 10, 2020 |

**AMENDED PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, 31st Floor, San Francisco, California. On **August 18, 2020**, I served the within documents:

On **August 17, 2020**, I served the within documents:

    1.   **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT;**

    2.   **NOTICE OF APPEARANCE; and**

    3.   **PROOF OF SERVICE.**

On **August 18, 2020**, I served the within documents:

    1.   **AMENDED PROOF OF SERVICE**

☑   By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

James C. Mitchell, Esq.
Charles Moore
GILLEON LAW FIRM, APC
1320 Columbia Street, Suite 200
San Diego, CA 92101

Charles Moore
Attorney at Law
7979 Ivanhoe Avenue, Suite 200
La Jolla, CA 92037

On **August 18, 2020**, I served the within documents:

    1.   **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT;**

    2.   **NOTICE OF APPEARANCE; and**

    3.   **AMENDED PROOF OF SERVICE.**

☑   Electronically via Nationwide Legal Services electronic filing.

| | |
|---|---|
| James C. Mitchell, Esq.<br>Charles Moore<br>jim@gilleonlawfirm.com<br>chuckmoore9@gmail.com | *Attorneys for Plaintiff*<br>*Bobbie Leonard* |

Charles Moore
chuckmoore9@gmail.com

1

Amended Proof of Service

65354292v.1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 18, 2020, at San Francisco, California.

*/s/ Katherina Guido-Respicio*
Katherina Guido-Respicio